SAMUEL, Judge.
This is a suit for property damages to plaintiff’s bus resulting from a collision with defendant’s panel truck. Defendant answered, averring that the accident was caused solely by the negligence of the bus driver, alternatively pleaded contributory negligence, and reconvened for the damages to its truck. There was judgment in the trial court awarding plaintiff the stipulated amount of damages to its bus and dismissing the reconventional demand. Defendant has appealed therefrom.
The accident occurred shortly after midday in the intersection of a service road and Old Gentilly Highway -in the City of New Orleans. The bus, driven by a plaintiff employee, was on the service road and the truck, driven by a defendant employee, was on Old Gentilly Highway as both vehicles approached the intersection which is controlled by a stop sign in favor of the service road. It was raining and the roadways were wet at the time the accident occurred.
*687 Only three witnesses testified at the trial, the bus driver and a police officer called by plaintiff and the truck driver on behalf of defendant.
The' bus driver testified as follows: He was familiar with the intersection. When he was about 75 feet therefrom he first noticed the truck which was then about the same distance from the intersection. He applied his brakes and slowed his speed to about 8 or 10 miles per hour. It appeared to him that the truck would stop for the sign and, although he did not accelerate, he then released his brakes. He ■ was only about 12 feet from the truck when he realized that the latter was not going to stop. He tried to stop and turn his bus to avoid the collision but was unable to do so. The collision occurred a short distance past the center of the intersection while both vehicles were still in motion with the left front of the truck striking the right front bumper and door of the bus.
The driver of the defendant truck testified as follows: He was also familiar with the intersection. At the time of the accident Old Gentilly Highway, on which he was traveling, was covered with water from a terrific downpour and contained a “lot” of debris probably dropped from city sanitation trucks proceeding to a dump in the area. His speed was approximately 15 miles per hour and he applied his brakes as he approached the intersection. Upon applying the brakes, and when he was about 12 or 15 feet from the intersection, one of the back wheels of the truck struck a piece of metal, a flat piece of tin, which, together with the water on the roadway, caused the truck to skid so that when it came to a stop the front thereof protruded about 2 feet into the intersection. While he was stopped he noticed the bus approaching about 65 to 75 feet away at a speed of about 15 or 20 miles per hour and he blew the truck’s horn to attract the bus driver’s attention. The bus continued in its path of travel near the, curb and the bus bumper struck the left side of the stopped truck.
The police officer arrived at the scene shortly after the collision had occurred and talked to both drivers. Significantly, this officer testified that upon his arrival the driver of the defendant truck informed him that when the impact occurred the truck was traveling at a rate of speed of approximately 4 miles per hour.
 The testimony of the two drivers is contradictory. Under the version of the accident given by the bus driver it is clear beyond need for discussion that the judgment of the trial court is correct. And, although no reasons for judgment were given, obviously the trial judge accepted the bus driver’s version of the accident. We are concerned here only with a question of fact and the firmly established rule is that on questions of fact involving the credibility of witnesses the trial judge will be reversed only for manifest error. We can find no such error.
The judgment appealed from is affirmed.
Affirmed.